# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALBERT PALMER,**

    **Plaintiff,**

v.                                                               3:07 CV 31
                                                                      (Maxwell)

**US ATTORNEY ALBERTO GONZALES,**
**HARLEY LAPPIN, Director of BOP,**
**K.M. WHITE, Mid Atl. Reg. Off.,**
**JOE DRIVER, Warden,**
**AL HAYNES, Warden,**
**CHRISTOPHER GREINER, Unit Mgr.,**
**DAVID CRICKLAND, Case Manager,**
**L.T. B. GORUNDY,**

    **Defendants.**

## ORDER

It will be recalled that on March 14, 2007, *pro se* Plaintiff Albert Palmer initiated the above-styled civil action by filing a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.02 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. §§ 1915(e)(2) and 1915(A).

By Order To Answer entered February 25, 2009, Magistrate Judge Seibert found that summary dismissal was not appropriate at that time; directed the Clerk of Court to issue a sixty days summons to the Defendants and gave the Plaintiff thirty days from the date of any response by the Defendants in which to file a reply.

On August 20, 2009[1], A Motion To Dismiss, Or, In The Alternative, For Summary Judgment was filed by the Defendants. A Memorandum In Support thereof was also filed herein by the Defendants on August 20, 2009.

Thereafter, on August 21, 2009, Magistrate Judge Seibert issued a Roseboro Notice directing the Plaintiff to file any response to the Defendants' Motion To Dismiss, Or, In The Alternative, For Summary Judgment within thirty days from the date of entry of said Order and advising the Plaintiff that a failure to file a response thereto might result in the entry of an Order dismissing his case. The Court's review of the docket herein reveals that the Plaintiff's Response to the Defendants' Motion To Dismiss, Or, In The Alternative, For Summary Judgment was filed on October 26, 2009[2].

On November 19, 2009, Magistrate Judge Seibert entered a Report And Recommendation wherein he recommended that the Defendants' Motion To Dismiss, Or, In The Alternative, For Summary Judgment be granted; that the Plaintiff's Bivens claims be dismissed without prejudice for failure to exhaust his administrative remedies; and that the Plaintiff's FTCA and claims regarding his disciplinary proceeding be dismissed with prejudice for failure to state a claim upon which relief can be granted.

In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten (10) days from the date of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said

---

[1] The Defendants ultimately sought and obtained a number of extensions of time in which to file their Answer.

[2] The Plaintiff was also the recipient of an extension of time for filing his Response.

2

Report And Recommendation.

The Plaintiff's Objections to Magistrate Judge Seibert's November 19, 2009, Report And Recommendation were filed on December 4, 2009. Accordingly, this matter is now ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

As previously noted, on December 4, 2009, the Plaintiff filed his Objections to Magistrate Judge Seibert's November 19, 2009, Report And Recommendation. The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the Plaintiff objected. The remaining portions of the Report And Recommendation to which the Plaintiff has not objected have been reviewed for clear error.

The Court finds that the issues raised by the Plaintiff in his Objections to Magistrate Judge Seibert's November 19, 2009, Report And Recommendation were thoroughly considered by Magistrate Judge Seibert in said Report And

Recommendation. The Court is of the opinion that Magistrate Judge Seibert's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on November 19, 2009, (Docket No. 81), be, and the same is hereby, **ACCEPTED** in whole and the above-styled civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Defendants' Motion To Dismiss, Or, In The Alternative, For Summary Judgment (Docket No. 69) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that, the Plaintiff's Bivens claims against the named Defendants be, and the same are hereby, **DISMISSED without prejudice** for failure to exhaust administrative remedies. It is further

**ORDERED** that the Plaintiff's Federal Tort Claims Act claims and his claims regarding his disciplinary proceeding be, and the same are hereby, **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendants. It is further

**ORDERED** that, should the Plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00

docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit copies of this Order to the *pro se* Plaintiff and to any counsel of record.

**ENTER:** December __7__, 2009

**/S/ Robert E. Maxwell**
United States District Judge